

Robert S. Brill, Minneapolis, Minn., for Leisure Dynamics.

Michael A. Kahn, Chicago, Ill., and Joseph Alexander, Minneapolis, Minn., for Howell-North Books.

Seven B. Nosek, Minneapolis, Minn., for Committee of Unsecured Creditors.

Diane Malfeld, Minneapolis, Minn., for Walter E. Heller & Co.

Gerald D. Mindell, Chicago, Ill., for defendant, Continental Illinois Nat. Bank & Trust Co. of Chicago.

## In re LEISURE DYNAMICS, INC., Debtor.

## LEISURE DYNAMICS, INC., Plaintiff,

## v.

## CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO, and Howell-North Books, Defendants.

Bankruptcy No. 3–83–43.
Adv. No. 83–0221.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

July 5, 1983.

### MEMORANDUM ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came on for hearing before the Court on a motion for preliminary injunction brought by Leisure Dynamics, Inc., the Debtor-in-Possession and Plaintiff in these proceedings. Robert S. Brill, Esq., appeared on behalf of Leisure Dynamics. Michael A. Kahn, Esq., and Joseph Alexander, Esq., appeared on behalf of Howell-North Books. Seven B. Nosek, Esq., appeared on behalf of the Committee of Unsecured Creditors. Diane Malfeld, Esq., appeared on behalf of Walter E. Heller & Company. Gerald D. Mindell, attorney for

Defendant, Continental Illinois National Bank & Trust Company of Chicago sent a letter indicating his intent not to appear at the hearing and agreement to be bound by an order issued by the Court.

Now upon all the files and records herein and the briefs and arguments of counsel, the Court makes the following Memorandum Order pursuant to Bankruptcy Rule 752.

I

On September 21, 1979, Leisure Dynamics of California, Inc., a wholly-owned subsidiary of Leisure Dynamics, Inc., (hereinafter "Leisure") entered into a purchase agreement with Howell-North Books (hereinafter "HNB") whereby Leisure Dynamics of California would purchase HNB's business. As part of the purchase agreement, Leisure Dynamics of California signed a $600,000 promissory note in favor of HNB. The first year's payments were $5,000.00 per month beginning on November 1, 1979. For five years, commencing November 1, 1980, the monthly payments were to be $12,748.23. Leisure guaranteed its subsidiary's payments. HNB did not retain a security interest but did request that Leisure procure a letter of credit to insure full payment. Leisure obtained an irrevocable letter of credit from Continental Bank in the amount of $600,000 plus 10% annual interest as security for payment. The letter of credit is renewable annually solely at the discretion of Continental Bank. The latest annual renewal of the letter of credit is due to expire October 1, 1983.

On January 11, 1983, Leisure filed a voluntary petition under Chapter 11. However, payments to HNB have continued. The Court notes Leisure did not list HNB on any of their bankruptcy schedules.

Realizing that the payments they were receiving subsequent to and for 90 days prior to the filing of the bankruptcy petition were subject to possible attack at a later date by a trustee under 11 U.S.C. § 549 and § 547, on April 21, 1983, HNB presented the letter of credit to Continental Bank for payment. By its terms, the letter of credit requires that Leisure be in default before demand on the letter is made. HNB claimed that because the payment could be recovered by a subsequent trustee, the payments were only conditional and therefore not really payments under California law.

On April 25, 1983, Leisure filed a complaint for an injunction against payment of the letter of credit in Cook County (Illinois) Circuit Court. The Court issued a temporary restraining order and Leisure's motion for a preliminary injunction was set for May 5, 1983. On that date the Court ruled that Leisure was not entitled to an injunction against payment of the letter of credit because Leisure had an adequate remedy at law.

Leisure, on May 5, 1983, filed a motion in this Court requesting a preliminary injunction advising this Court of the earlier adverse action in the Illinois State Court. A temporary restraining order was issued on May 5, 1983 and the motion for preliminary injunction was set for May 12, 1983. At the May 12th hearing, this Court issued an injunction against HNB pursuant to 11 U.S.C. § 105 pending the outcome of the June 20, 1983 hearing. On June 20, 1983, Leisure made a motion for summary judgment. HNB responded with a motion to dissolve the § 105 restraining order and to deny the preliminary injunction.

II

The only jurisdiction this Court presently enjoys is that derived under the "Rule" adopted by the United States District Court for the District of Minnesota on December 21, 1982.

11 U.S.C. § 541 defines the scope of property of the estate:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of this case.

The letter of credit is not property of the estate. The letter is an independent obliga-

tion that exists between Continental Bank and HNB. The Debtor has no interest in either the letter or its proceeds. Continental Bank will pay HNB with its own assets. Continental will then assert a claim against Walter Heller, Leisure's lender. Although this then results in Heller having a larger claim against Leisure, that claim will not divest Leisure of any property. See: *In re Page,* 18 B.R. 713 (D.Ct., D.C.1982) and *In re M.J. Sales Distributing Co., Inc.,* 25 B.R. 608 (Bkrtcy.N.Y.1982).

Having determined that the letter of credit is not property of the estate, I can no longer restrain its payment under 11 U.S.C. § 105. It is not within my power to save Leisure only to conceivably destroy another.

THEREFORE, IT IS ORDERED that:

1. The Plaintiff's motion for summary judgment is denied.

2. Plaintiff's motion for preliminary injunction is denied.

3. Defendant's motion for dissolution of the § 105 restraining order be and the same is hereby granted.